*W. March*, for the plaintiff.

---

HANNING *v.* THE STATE.

A clause in section 26, p. 435, 2 R. S. 1852, was as follows: "If any person shall sell or give away intoxicating liquor to any minor, without the consent of his parent or guardian," &c., "he shall be fined," &c. An act approved *March* 4, 1853, entitled "an act to regulate the retailing of spirituous liquors and for the suppression of the evils therefrom," contained the following section: "All laws on the subject of retailing intoxicating or spirituous liquor heretofore enacted, are hereby repealed." *Held*, that this section repealed the clause in the R. S. 1852 above quoted.

Tuesday,   APPEAL from the *Posey* Court of Common Pleas.
June 12.   STUART, J.—Information in the Common Pleas, in the
usual form, for selling spirituous liquor to *Edward White*,

a minor, without the consent of his father, *Isaac W. White.* Plea, guilty, and fine 5 dollars.

The information is filed under the 2 R. S., section 26, p. 435 (1). It is insisted that this section was repealed upon the coming in force of the act to regulate the sale of spirituous liquors, approved *March* 4, 1853.

In *Brosee* v. *The State,* the question presented was similar to this; indeed arose on the clause of the same section (section 26) relating to the giving or selling liquor to an intoxicated person. It was held that the 19th section of the act of *March,* 1853, repealed the provisions in 2 R. S., *supra,* on that subject (2). 5 Ind. R.,75.

Here the complaint, based upon a clause in the same section, relating to the sale of liquor to a minor without the consent of his parent, falls within the same rule. The two cases can not be distinguished. See *Brosee* v. *The State,* 5 Ind. R. 75.

The judgment of the Common Pleas can not be sustained (3).

*Per Curiam.*—The judgment is reversed.

*T. B. Holt* and *A. P. Hovey,* for the appellant.

*J. P. Edson,* for the state.

May Term, 1855.

HANNING v. THE STATE.

(1) That section is as follows:

"If any person, by himself or agent, shall sell or give any intoxicating liquor to any minor, without the consent of his parent or guardian, or shall sell or give any intoxicating liquor to any person, at the time in a state of intoxication, he shall be fined not less than five, nor more than fifty dollars, and in such prosecution, when the principal is defendant, the agent may be compelled to testify, or, when the agent is prosecuted, the principal may be compelled to testify."

(2) The 19th section is as follows:

"All laws on the subject of retailing intoxicating or spirituous liquors heretofore enacted are hereby repealed; but all offences against such laws shall be punished as if such laws had not been repealed."

(3) The judgments in the cases of *Bruner* v. *The State* and *Bradley* v. *The State,* on appeal from the *Posey* Court of Common Pleas, were reversed, on this day, for the reasons given in this case, and by reference thereto merely; the record in both those cases presenting precisely the same question with the case in the text.